# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JERMAIN D. JEFFERY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 11-CV-0772-CVE-PJC |
| | ) | |
| TERRY MARTIN, Warden,[1] | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus action. Petitioner Jermain[2] D. Jeffery is a state prisoner appearing pro se. Respondent filed a response (Dkt. # 5) and provided the state court record necessary for resolution of Petitioner's claims (Dkt. ## 5, 6, 7). Petitioner filed a reply (Dkt. # 8). For the reasons discussed below, the petition for writ of habeas corpus is denied.

### *BACKGROUND*

On September 7, 2007, Petitioner and his girlfriend, Lawanda Lockridge (Lockridge), argued outside the Murdock Villa apartments located in Tulsa, Oklahoma. Petitioner's mother and Lockridge's sisters, Lashea Brown (Brown) and Latia Gray (Gray), were also present. During the argument, Petitioner armed himself with a small, automatic pistol. When Gray attempted to

---

[1] Petitioner is in custody at Dick Conner Correctional Center where Terry Martin is the current warden. Therefore, under Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts, Terry Martin, Warden, is the proper party respondent. Pursuant to Fed. R. Civ. P. 25(d)(1), Terry Martin, Warden, is hereby substituted in place of Anita Trammell, Warden, as the respondent in this case. The Court Clerk shall be directed to note such substitution on the record.

[2] Throughout the state court record, Petitioner's first name is spelled "Jermaine." However, in this habeas action, Petitioner spells his name "Jermain." See Dkt. ## 1, 8.

intervene during the argument, Petitioner pointed the gun at Gray. Lockridge heard Petitioner say "I'm going to kill this bitch." He then looked at Lockridge and fired two shots. Lockridge was not injured. After firing the shots, Petitioner drove off in a black Chevy Avalanche.

Tulsa Police Officer Keenan Meadors (Meadors) received a radio call regarding the shooting and learned that the suspect, Jermain Jeffery, was driving a black Chevy Avalanche with license tag number 697-ZXY westbound on 11th Street. Meadors made visual contact with the Avalanche and began following it. He estimated the Avalanche was traveling about 60-70 m.p.h. on Apache Avenue, a city street where the speed limit is 40 m.p.h. As the Avalanche crossed the centerline to pass two vehicles, Meadors saw it collide with one of the vehicles, a black Mitsubishi. The Avalanche hit the Mitsubishi with tremendous force, causing it to hit and wrap around a telephone pole. However, the Avalanche kept going and did not stop. Meadors stopped his pursuit of the Avalanche in order to render aid to the driver of the Mitsubishi, identified as Keisha Williamson (Williamson). The severely injured Williamson was extracted from the vehicle, using two sets of jaws of life, and transported to the hospital where she died the next day, September 8, 2007. The cause of death was cranial cerebral injuries due to blunt force trauma.

After the collision, another Tulsa Police Officer, Sgt. Robert Roholoff (Roholoff), picked up the pursuit of the Avalanche as it turned north on to Lewis Avenue. Roholoff's vehicle and the Avalanche were traveling 80 m.p.h. Roholoff observed the Avalanche run off the road, roll one time, and come to rest on its wheels in some trees off the side of the road. The driver managed to flee the scene, escaping to the nearby Comanche Park Apartments. Police recovered a small caliber handgun from under the driver's seat of the Avalanche. The Avalanche had front end damage and

was missing an air dam piece that matched an air dam piece found in the trunk of Williamson's Mitsubishi.

On September 14, 2007, based on those events, Petitioner was charged, in Tulsa County District Court, Case No. CF-2007-4861, with Felony Murder (Williamson) (Count 1), Shooting With Intent to Kill (Lockridge) (Count 2), Feloniously Pointing a Firearm (Gray) (Count 3), Leaving the Scene of an Accident Involving Injury (Count 4), Possession of a Firearm While Under the Supervision of the Department of Corrections (Count 5), and Driving With a License Cancelled, Suspended, or Revoked (Count 6). An arrest warrant issued that day. Despite the concerted efforts of law enforcement officials, Petitioner was not arrested until October 22, 2007. On May 14, 2008, the State filed an amended information, to add a count of Eluding a Police Officer (Count 7) and to amend Count 5 to Possession of a Firearm, After Former Conviction of a Felony (AFCF).

A two-stage jury trial took place on March 16-20, 2009. Prior to the conclusion of the first stage of trial, Count 6 was dismissed at the request of the State. At the conclusion of the first stage, the jury found Petitioner guilty of First Degree Felony Murder (Count 1) and recommended a sentence of life imprisonment. The jury also found Petitioner guilty of Counts 2-4 and Count 7. At the conclusion of the second stage, the jury found Petitioner guilty of Count 5 and recommended punishment of five (5) years imprisonment. The jury also found Petitioner guilty of committing Counts 2-4 and Count 7 AFCF, and recommended punishment on those counts as follows: Count 2 – twenty (20) years imprisonment, Count 3 – ten (10) years imprisonment, Count 4 – four (4) years imprisonment, and Count 7 – five (5) years imprisonment. On March 30, 2009, the trial judge sentenced Petitioner in accordance with the jury's verdicts. The sentences for Counts 1 and 2 were ordered to be served concurrently, and the sentences for the remaining counts were ordered to be

served consecutively to the first two counts and to each other. During trial, Petitioner was represented by attorney Kathy Fry.

Petitioner appealed his convictions and sentences to the Oklahoma Court of Criminal Appeals (OCCA). Represented by attorney William H. Luker, he raised ten (10) propositions of error:

    Proposition I:    Appellant's conviction for First Degree Felony Murder was not supported by the evidence because there was insufficient evidence to prove a nexus between the offense of Shooting With [Intent] to Kill and the death, the underlying felony, and the homicide.

    Proposition II:    The evidence was insufficient to support Appellant's conviction for Shooting With Intent to Kill.

    Proposition III:    Appellant's conviction for Shooting With Intent to Kill must be reversed and dismissed because this offense was also used by the State to serve as the underlying felony supporting Appellant's conviction for First Degree Felony Murder. Punishing Appellant twice for the same offense violates federal and state constitutional provisions prohibiting Double Jeopardy for the same crime, and accordingly Appellant's separate conviction for Shooting With Intent to Kill must be reversed and dismissed.

    Proposition IV:    The trial court committed reversible error by allowing the State to introduce in its case in chief evidence of Appellant's exercise of his right to silence after his arrest in violation of the Fifth and Fourteenth Amendments of the United States Constitution and Article II, §§ 7, and 21 of the Oklahoma Constitution.

    Proposition V:    Reversible error was committed when Officer Debbie Crisp was permitted to recite to the jury Lashea Brown's and Latia Gray's out-of-court statements at the crime scene in violation of Appellant's rights under the Sixth, Eighth, and Fourteenth Amendments of the United States Constitution and Article II, §§ 7, 9, and 20 of the Oklahoma Constitution.

    Proposition VI:    Admission of irrelevant but highly prejudicial photographs of the victim violated Appellant's due process rights under the Fifth, Eighth, and Fourteenth Amendments of the United States

|               | Constitution and Article II, §§ 7, 9, and 20 of the Oklahoma Constitution. |
|---|---|
|               | (1)    Post-mortem photographs of victim. |
|               | (2)    Pre-mortem photographs of victim. |
| Proposition VII: | The prosecutor deprived Appellant of a fair trial by arguing facts not in evidence in his closing argument in violation of the Eighth and Fourteenth Amendments of the United States Constitution and Article II, §§ 7 and 9 of the Oklahoma Constitution. |
| Proposition VIII: | Appellant's sentence was excessive and should be modified. |
| Proposition IX: | Appellant received ineffective assistance of counsel in violation of the Sixth and Fourteenth Amendments of the United States Constitution and Article II, §§ 7 and 20 of the Oklahoma Constitution, because trial counsel failed to object to serious errors and thereby failed to protect the record for appellate review. |
| Proposition X: | The accumulation of error in this case deprived Appellant of due process of law and necessitates reversal pursuant to the Fourteenth Amendment to the United States Constitution and Article II, § 7 of the Oklahoma Constitution. |

(Dkt. # 5-1). In an unpublished Summary Opinion, filed July 16, 2010, in Case No. F-2009-335 (Dkt. # 5-3), the OCCA affirmed all of Petitioner's convictions and sentences, except the conviction and sentence for Shooting With Intent to Kill. The OCCA found merit to Petitioner's proposition III, ruling that, because felony murder and the underlying offense merge into one offense, "plain error occurred when the trial court entered convictions for first degree felony murder and the underlying felony, shooting with intent to kill." Id. at 4. For that reason, Petitioner's conviction for Shooting With Intent to Kill was reversed and remanded to the district court with instructions to dismiss. Id. The OCCA also found merit to proposition IV, ruling that "plain error occurred when the state introduced evidence of Appellant's refusal to speak to the investigating officer after Appellant was placed under arrest." Id. However, the error was found to be harmless. Id.

5

Next, Petitioner filed a pro se application for post-conviction relief in the district court. On post-conviction appeal, Petitioner raised the following claims:

1) The trial court erred in its finding of Mr. Jeffery's application for post conviction was barred by the doctrine of res judicata and/or waived.

2) Petitioner, Jermaine Darnell Jeffery, was deprived of effective assistance of appellate counsel in violation of his Sixth and Fourteenth Amendment rights secured under the United States Constitution.

   A) Mr. Jeffery was deprived of effective assistance of trial counsel in violation of his Sixth and Fourteenth Amendment to the United States Constitution.

   B) Petitioner's counsels failed to conduct reasonable investigation, or provide reasonable decision for failure to investigate.

   C) Petitioner, Jermaine Darnell Jeffery, was denied an impartial jury composed of fair cross section of the community in violation of the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution and Article II, §§ 7, 9, 19, and 20 of the Oklahoma Constitution because the state was allowed to exercise peremptory challenges against minority jurors without demonstrating sufficient neutral reasons for the challenges.

   D) The state failed to present adequate proof, or present a foundation [prior to] introducing judgment and sentence in the second stage of the trial.

(Dkt. # 5-4). By order filed October 11, 2011, in Case No. PC-2011-311, the OCCA affirmed the district court's denial of post-conviction relief. (Dkt. # 5-5).

On December 13, 2011, Petitioner filed his pro se federal petition for writ of habeas corpus (Dkt. #1). He raises one ground of error: ineffective assistance of appellate counsel. Id. In response to the petition (Dkt. # 5), Respondent asserts that Petitioner is not entitled to habeas relief under 28 U.S.C. § 2254(d).

## ANALYSIS

**A.     Exhaustion/Evidentiary Hearing**

As a preliminary matter, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b) and (c). See Rose v. Lundy, 455 U.S. 509, 510 (1982). Respondent concedes, see Dkt. # 5 at ¶ 4, and the Court agrees that Petitioner fairly presented a claim of ineffective assistance of appellate counsel to the OCCA on post-conviction appeal. Therefore, the Court finds that Petitioner has satisfied the exhaustion requirement of 28 U.S.C. § 2254(b) as to the claim raised on post-conviction appeal. As discussed in more detail in Part C below, Petitioner raises additional claims of ineffective assistance of appellate counsel in his reply (Dkt. # 8) that have not been presented to the state courts. Notwithstanding Petitioner's failure to exhaust those claims, habeas corpus relief is denied on the merits pursuant to 28 U.S.C. § 2254(b)(2).

In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing. See Williams v. Taylor, 529 U.S. 420 (2000).

**B.     Claim adjudicated by the OCCA**

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions. Under the AEDPA, when a state court has adjudicated a claim, a petitioner may obtain federal habeas relief only if the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S.

362, 386 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001). "Clearly established Federal law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of [the Supreme Court's] decisions." White v. Woodall, 134 S. Ct. 1697, 1702 (2014) (citations omitted).

When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner. See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002). An unreasonable application by the state courts is "not merely wrong; even 'clear error' will not suffice." White, 134 S. Ct. at 1702 (citing Lockyer v. Andrade, 538 U.S. 63, 75-76 (2003)). The petitioner "'must show that the state court's ruling . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" Id. (quoting Harrington v. Richter, 562 U.S. 86, 131 S. Ct. 770, 786-87 (2011)); see also Metrish v. Lancaster, 133 S. Ct. 1781, 1787 (2013).

"When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." Richter, 131 S. Ct. at 784-85. Section 2254(d) bars relitigation of claims adjudicated on the merits in state courts and federal courts review these claims under the deferential standard of § 2254(d). Id. at 784; Schriro v. Landrigan, 550 U.S. 465, 474 (2007). Further, the "determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

In this case, the OCCA adjudicated a claim of ineffective assistance of appellate counsel on post-conviction appeal. See Dkt. # 5-5. Therefore, the § 2254(d) standard applies to this Court's

8

analysis of Petitioner's ground for relief, to the extent it was presented to the OCCA on post-conviction appeal.

### Ineffective assistance of appellate counsel (ground 1)

As his sole ground of error, Petitioner claims he was denied the effective assistance of appellate counsel. In support of this claim, Petitioner alleges that: "[t]he court appointed counsel could have raised more issues and argued the fact that I could not be held accountable under the felony murder law." (Dkt. # 1 at 4). Petitioner avers that he raised this claim on post-conviction appeal. Id. In affirming the district courts's denial of post-conviction relief, the OCCA found as follows:

> As for Jeffery's claim of ineffective assistance of appellate counsel, we find nothing in this record indicating that Jeffery's appellate counsel was ineffective, or that he was not properly represented on direct appeal. The standard to be used in evaluating counsel's performance is determined under the general principles enumerated in Strickland v. Washington, 466 U.S. 688, 689, 104 S. Ct. 2052, 2065, 80 L.Ed.2d 674, 694 (1984). Petitioner must show that counsel's performance was deficient and that the deficiency prejudiced him. Jeffery has failed to show that his representation on direct appeal was deficient, or that he was deprived of a substantial or procedural right to which he is entitled by law. Lockhart v. Fretwell, 506 U.S. 364, 113 S. Ct. 838, 844, 122 L.Ed.2d 180 (1993).

(Dkt. # 5-5 at 3).

Petitioner is not entitled to habeas relief on his claim of ineffective assistance of appellate counsel unless he demonstrates that the OCCA's adjudication was contrary to, or an unreasonable application of, Strickland. When assessing claims of ineffective assistance of appellate counsel, this Court applies the Strickland two-pronged standard used for general claims of ineffective assistance of trial counsel. See Smith v. Robbins, 528 U.S. 259, 285 (2000) (citing Strickland, 466 U.S. 668). Under Strickland, a defendant must show that his counsel's performance was deficient and that the deficient performance was prejudicial. Strickland, 466 U.S. at 687; Osborn v. Shillinger, 997 F.2d

1324, 1328 (10th Cir. 1993). A defendant can establish the first prong by showing that counsel performed below the level expected from a reasonably competent attorney in criminal cases. Strickland, 466 U.S. at 687-88. There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." Id. at 688. In making this determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Moreover, review of counsel's performance must be highly deferential. "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689.

To establish the second prong, a defendant must show that this deficient performance prejudiced the defense, to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694; see also Sallahdin v. Gibson, 275 F.3d 1211, 1235 (10th Cir. 2002); Boyd v. Ward, 179 F.3d 904, 914 (10th Cir. 1999). If Petitioner is unable to show either "deficient performance" or "sufficient prejudice," his claim of ineffective assistance fails. Strickland, 466 U.S. at 700. Thus, it is not always necessary to address both Strickland prongs. This Court's review of the OCCA's decision on ineffective assistance of counsel claims is "doubly deferential." Cullen v. Pinholster, 131 S. Ct. 1388, 1403 (2011) (noting that a habeas court must take a "highly deferential" look at counsel's performance under Strickland and through the "deferential" lens of § 2254(d)).

When a habeas petitioner alleges that his appellate counsel rendered ineffective assistance by failing to raise an issue on direct appeal, the Court first examines the merits of the omitted issue.

Hawkins v. Hannigan, 185 F.3d 1146, 1152 (10th Cir. 1999). In Cargle v. Mullin, 317 F.3d 1196 (10th Cir. 2003), the Tenth Circuit directed that:

> If the omitted issue is so plainly meritorious that it would have been unreasonable to winnow it out even from an otherwise strong appeal, its omission may directly establish deficient performance; if the omitted issue has merit but is not so compelling, the case for deficient performance is more complicated, requiring an assessment of the issue relative to the rest of the appeal, and deferential consideration must be given to any professional judgment involved in its omission; of course, if the issue is meritless, its omission will not constitute deficient performance.

Id. at 1202 (citation and footnote omitted); see also Parker v. Champion, 148 F.3d 1219, 1221 (10th Cir. 1998).

Petitioner bears the burden of demonstrating that the OCCA unreasonably applied Strickland. As discussed below, Petitioner fails to carry his burden and, for that reason, he is not entitled to habeas corpus relief under 28 U.S.C. § 2254(d). As a preliminary matter, the Court notes that Petitioner's claims of ineffective assistance of appellate counsel, as identified in the petition (Dkt.# 1), lack any factual support and are conclusory and speculative. In his reply (Dkt. # 8), Petitioner offers limited factual bases for some of his claims. Although some of the claims asserted in the reply are unexhausted and Respondent has not had an opportunity to respond to the new claims, the Court nonetheless finds the claims lack merit and, for that reason, habeas relief is denied under 28 U.S.C. § 2254(b)(2).

**1. Failure to raise more issues and to challenge felony murder conviction**

In the habeas petition (Dkt. # 1), Petitioner claims that appellate counsel "could have raised more issues and argued the fact that I could not be held accountable under the felony murder law." Id. at 4. However, in his petition, Petitioner fails to identify any issue that appellate counsel should have raised. Nor does he provide any factual support for his claims. It is well established that bare

11

allegations, without supporting facts from the record, do not warrant habeas corpus relief. Moore v. Gibson, 195 F.3d 1152, 1180 n.7 (10th Cir. 1999); see also Cummings v. Sirmons, 506 F.3d 1211, 1233-34 (10th Cir. 2007) (noting that "[w]ithout a more precise identification of what [deficiencies Petitioner] is referring to," no prejudice can be found); Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) ("Conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based."). Thus, even if appellate counsel performed deficiently in failing to raise a claim on direct appeal, Petitioner has not demonstrated that the result of his appeal would have been different. Thus, Petitioner has not satisfied the prejudice prong of Strickland and he is not entitled to habeas relief under 28 U.S.C. § 2254(d).

In his reply (Dkt. # 8), Petitioner alleges that "there was not an underlying felony." Id. at 11. Petitioner also argues that there was no causal link, or nexus, between the underlying felony, Shooting With Intent to Kill, and the death of the victim. Id. at 12-15. However, the record reflects that appellate counsel did in fact argue extensively that there was insufficient evidence to prove a nexus between the underlying felony and the homicide to support Petitioner's conviction of First Degree Felony Murder.[3] (Dkt. # 5-1 at 14-23). Because appellate counsel raised the very claim Petitioner now alleges he omitted, Petitioner is not entitled to habeas corpus relief on his claim of ineffective assistance of appellate counsel for failing to challenge his felony murder conviction.

---

[3] The OCCA rejected the claim, citing Clark v. State, 558 P.2d 674, 678 (Okla. Crim. App. 1977), and finding "Appellant's acts of discharging the firearm at Lockridge, fleeing the scene, and causing Williamson's death by ramming her vehicle with his truck were one, continuous transaction." (Dkt. # 5-3 at 4).

### 2. Trial counsel's failure to investigate

On post-conviction appeal, Petitioner claimed that appellate counsel provided ineffective assistance in failing to argue that "[trial counsel] Kathy Fry did nothing more than meet with him, there was no investigation, no interviewing of witnesses, no preparation of a defense, no visiting of the crime scene, and no trial preparation." (Dkt. # 5-4 at 28). Significantly, however, Petitioner failed, as he does in his habeas petition, to identify facts that may have been discovered had counsel conducted additional investigation, whether by interviewing witnesses, by visiting the crime scene, or by engaging in further preparation. As a result, Petitioner's claim is speculative. As stated above, bare allegations, without supporting facts from the record, do not warrant habeas corpus relief. Moore, 195 F.3d at 1180 n.7; see also Cummings, 506 F.3d at 1233-34; Hall, 935 F.2d at 1110. Therefore, even if appellate counsel performed deficiently in failing to raise this claim on direct appeal, Petitioner has not demonstrated that the result of his appeal would have been different. Petitioner is not entitled to habeas corpus relief on this claim of ineffective assistance of appellate counsel. 28 U.S.C. § 2254(d).

### 3. Denial of impartial jury composed of fair cross section of the community

Petitioner also asserted a post-conviction challenge to the composition of his jury based on Batson v. Kentucky, 476 U.S. 79 (1986). On post-conviction appeal, he identified his claim as follows:

> [Petitioner] was identified as a black male (Tr. Vol. ) [sic]. The prosecutor never approached the bench to justify his excusal of each minority juror and his trail [sic] counsel's failure to make an appropriate objection to the exclusion of the jurors without some type of justification from the prosecutor. All parties were aware of [sic] should have been aware that the protection of *Batson* readily applied to the Defendant's racial group. The prosecutor excused several minority veniremen from the panel.

13

(Dkt. # 5-4 at 30). Petitioner also argues in his reply that "it is obvious he did not have any blacks. Every one of the blacks who were in that jury pool were removed. This was an obvious attempt to select an all white jury who would already be biased against a black gang member." (Dkt. # 8 at 12). Again, however, Petitioner fails to point to any part of the record supporting this claim.

The Court has carefully reviewed the voir dire portion of Petitioner's trial. (Dkt. # 7-4, Tr. Vol. I at 10-88; Dkt. # 7-5, Tr. Vol. II at 92-218). That record contains no reference to the racial composition of the pool of potential jurors or to the race of any individual potential juror. The Court finds Petitioner's claim is meritless because it consists of nothing more than a set of conclusory allegations. Hilliard v. Kaiser, 1997 WL 758861, *1 n.1 (10th Cir. Dec. 9, 1997) (unpublished)[4] (affirming district court's finding that the petitioner's "claims are far too conclusory to state a proper *Batson* claim"). Petitioner has failed to demonstrate that the result of his appeal would have been different had appellate counsel raised this claim. Petitioner is not entitled to habeas corpus relief on this claim of ineffective assistance of appellate counsel. 28 U.S.C. § 2254(d).

**4. Second stage introduction of prior Judgment and Sentence**

On post-conviction appeal, Petitioner also claimed appellate counsel provided ineffective assistance in failing to argue that "the State only introduced certified copies of Mr. Jeffery's Judgment and Sentence." (Dkt. # 5-4 at 35). In support of this claim, Petitioner cited Cooper v. State, 810 P.2d 1303, 1306 (Okla. Crim. App. 1991) ("Merely introducing the Information and the Judgment and Sentence of a prior trial is not sufficient to discharge the burden resting on the State to take the case to the jury on the question of identity of two persons.").

---

[4] This unpublished opinion is not precedential but is cited for its persuasive value. See Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

Petitioner's underlying claim is belied by the record. First, the Court notes that a certified copy of Petitioner's prior Judgement and Sentence was admitted during the second stage of trial without objection by defense counsel. (Tr. Vol. VII at 126). Furthermore, Corporal Matt Hart, the Tulsa police officer who arrested Petitioner and transported him to the jail, testified that, when he filled out the Arrest and Booking Sheet, he included identification information obtained from Petitioner, including his name, address, date of birth and social security number. (Tr. Vol. VI at 175-78). Without objection from defense counsel, the prosecutor stated during his second stage closing argument that the information obtained at the jail matched the identifying information on the certified copy of Petitioner's prior Judgment and Sentence. (Dkt. # 7-10, Tr. Vol. VII at 128-29). Therefore, this claim is patently without merit and appellate counsel did not perform deficiently in failing to raise it on direct appeal. Cargle, 317 F.3d at 1202 (stating that "if the [omitted] issue is meritless, its omission will not constitute deficient performance" (footnote omitted)). Petitioner has failed to demonstrate that appellate counsel performed deficiently in failing to raise this claim on direct appeal. Petitioner is not entitled to habeas corpus relief on this claim of ineffective assistance of appellate counsel. 28 U.S.C. § 2254(d).

In summary, Petitioner has not demonstrated that the OCCA's adjudication of his claims of ineffective assistance of appellate counsel, as raised on post-conviction appeal, was an unreasonable application of Strickland. Petitioner is not entitled to habeas corpus relief on those claims under 28 U.S.C. § 2254(d).

**C. New allegations raised in Petitioner's reply**

As to Petitioner's claims presented for the first time in the reply filed in this habeas action, Petitioner's request for relief is denied under § 2254(b)(2).[5] Petitioner alleges that, after his vehicle rammed the victim's vehicle while traveling in excess of 60 m.p.h., he saw another car hit the victim's black Mitsubishi, see Dkt. # 8 at 13, thereby implying that he was not responsible for the accident. However, the record demonstrates that trial counsel unsuccessfully attempted, through cross-examination and closing argument, to cast blame for the accident on another vehicle. (Dkt. # 7-9, Tr. Vol. VI at 58, 78; Dkt. # 7-10, Tr. Vol. VII at 84). Thus, even if appellate counsel performed deficiently in failing to raise this claim, especially in light of the overwhelming evidence presented at trial demonstrating that Petitioner caused the accident resulting in the victim's death, Petitioner cannot show that the result of the appeal would have been different had appellate counsel raised this claim Therefore, he cannot satisfy the prejudice prong of Strickland and he is not entitled to habeas relief on this claim of ineffective assistance of appellate counsel.

Petitioner presents additional arguments in his reply that have never been presented to the state courts. First, he argues that he "was highly intoxicated and on a number of mind altering drugs at the time of the accident," and complains that his attorneys never raised this claim. (Dkt. # 8 at 11). No evidence was presented at trial supporting Petitioner's statement that he was "highly

---

[5] Although Petitioner identifies unexhausted claims in his reply, this Court is authorized to deny the claims on the merits notwithstanding Petitioner's failure to exhaust state remedies. 28 U.S.C. § 2254(b)(2).

intoxicated" at the time of the accident.[6] Since Petitioner was not arrested until more than six (6) weeks after the accident, there was no blood alcohol or other physical evidence, obtained from Petitioner at the time of the accident, to support this claim. Furthermore, Petitioner did not testify at trial. Thus, the Court finds that, even if counsel performed deficiently, Petitioner has not demonstrated a reasonable probability that the result of the proceeding would have been different had appellate counsel raised this claim. Therefore, habeas corpus relief is denied on this claim under 28 U.S.C. § 2254(b)(2).

Petitioner also alleges for the first time in his reply that appellate counsel provided ineffective assistance in failing to challenge the credibility of the reporting police officer based on the officer's testimony that "he could see into Appellant's tinted window from across the street"[7] (Dkt. # 8 at 11-12), and in failing to raise a claim with regard to the nonfunctional security cameras at Murdock Villa apartments (id. at 12). However, in light of the evidence presented at trial, Petitioner has not demonstrated a reasonable probability that the result of the proceeding would have

---

[6] Lockridge testified that, on September 6, 2007, the day before the accident, she and Petitioner drank alcohol, smoked PCP soaked cigarettes, and smoked marijuana. (Dkt. # 7-5, Tr. Vol. II at 320-25). In addition, Lockridge testified that during the morning of September 7, 2007, she began using PCP and alcohol at 8 or 9 in the morning. Id. at 329. However, Petitioner was not with her on the morning of September 7, 2007. Both Lockridge and Brown testified that, when they arrived at the Murdock Villa apartments during the early afternoon of September 7, 2007, they saw Petitioner in the bushes with a can of beer in his hand. Id. at 340; Dkt. # 7-10, Tr. Vol. VII at 11. That testimony was the only evidence of possible alcohol consumption by Petitioner on September 7, 2007.

[7] Contrary to Petitioner's allegation, all of the police officers involved in the pursuit of Petitioner's vehicle testified that they could not see into the vehicle through the heavily tinted side windows. (Dkt. # 7-7, Tr. Vol. IV at 15, 56, 71, 91). Sergeant Robert S. Roholoff testified that, as Petitioner's vehicle approached his vantage point, he could see through the windshield that the driver was a black male. Id. at 56.

17

been different had appellate counsel raised these claims. Therefore, habeas corpus relief is denied on these claims under 28 U.S.C. § 2254(b)(2).

**D. Certificate of appealability**

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Tenth Circuit would find that this Court's application of AEDPA standards to the decision by the OCCA is debatable among jurists of reason. See Dockins v. Hines, 374 F.3d 935, 938 (10th Cir. 2004). The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

*CONCLUSION*

After careful review of the record in this case, the Court concludes that Petitioner has not established that he is in custody in violation of the Constitution or laws of the United States. Therefore, his petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. The Clerk of Court shall note on the record the substitution of Terry Martin, Warden, in place of Anita Trammell, Warden, as party respondent in this case.

2. The petition for writ of habeas corpus (Dkt. # 1) is **denied**.

3. A separate judgment in favor of Respondent shall be entered in this matter.

4. A certificate of appealability is **denied**.

**DATED** this 23rd day of December, 2014.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE